IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02002-MEH

ROBERT MONTGOMERY,

    Plaintiff,

v.

K. WILSON,
K. ALLEN, and
JOHN DOES 1-3,

    Defendants.

---

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Defendants Wilson and Allen seek summary judgment arguing that Plaintiff failed to exhaust his claims before filing the present action. Although he was provided thirty-two days and ordered to file a response to Defendants' motion on or before March 11, 2019, *see* ECF No. 31, Plaintiff failed to file any response or to seek an extension of time within which to do so. The Court concludes that the undisputed evidence demonstrates Plaintiff did not exhaust his claims before filing this case. Plaintiff's failure to exhaust his administrative remedies before bringing this action is fatal to his claims and, thus, the Court grants Defendants' motion for summary judgment and dismisses Plaintiff's claims without prejudice.

**FINDINGS OF FACT**

    The Court makes the following findings of fact viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.

1.    Plaintiff was transferred to the United States Penitentiary in Florence, Colorado ("USP Florence") on November 18, 2016. ECF No. 10 at 7; Declaration of Belinda Shelton ("Shelton

Decl.") ¶ 10, ECF No. 29-1.

2. Plaintiff alleges that he was assaulted by another inmate in December 2016 while he was housed at USP Florence. ECF No. 10 at 7.[1]

3. Plaintiff alleges two claims against Defendants: (1) deliberate indifference to substantial risk of harm in violation of the Eighth Amendment against Defendants John Does 1-3; and (2) failure to provide "reasonably safe conditions" in violation of the Eighth Amendment with regard to custody level and place of confinement, alleged against Defendants Allen and Wilson. ECF No. 10 at 6-7.

4. Prior to his transfer to USP Florence on November 18, 2016, Plaintiff was housed at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). ECF No. 2 at 15-16.

5. On September 17, 2016, while Plaintiff was housed at FCI Greenville, a Discipline Hearing Officer ("DHO") issued a report sanctioning Plaintiff based on a finding of possession of drugs. ECF No. 2 at 7; see also ECF No. 2-2 at 14-17.

6. On October 31, 2016, Plaintiff filed an administrative remedy request (BP-10) appealing the DHO's decision. ECF No. 2-2 at 18-22; Shelton Decl. ¶ 8.

7. On August 2, 2017, Plaintiff filed an administrative remedy request (BP-11) appealing the DHO's decision. ECF No. 2-2 at 27-30; Shelton Decl. ¶ 11(A).

8. On September 18, 2017, Plaintiff filed a second administrative remedy request (BP-10) appealing the DHO's decision. ECF No. 2-2 at 31-33; Shelton Decl. ¶ 11(B).

9. None of Plaintiff's administrative remedy requests mention a December 2016 assault or seek relief associated with the assault. ECF No. 2-2 at 18-21, 27-29, and 31-32; Shelton Decl. ¶ 11.

---

[1] Plaintiff alleges the same assault in on page 6, but identifies the date as December 2017; based on the context and description of other allegations, the Court finds the assault occurred in 2016.

10. Plaintiff has never filed an administrative remedy request relating to any events or actions taken at USP Florence. Shelton Decl. ¶ 12.

## **LEGAL STANDARDS**

### I. Consideration of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### II. Fed. R. Civ. P. 56

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); *World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (citation omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown " 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and...if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi–Cola*

*Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is on Defendants to assert Plaintiff's failure to exhaust in a dispositive motion and, here, Defendants bring their failure to exhaust defense pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff's constitutional claims against Defendants were properly exhausted, the claims must be dismissed without prejudice. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Only when all possible administrative remedies have been exhausted with respect to prison conditions may a federal court consider such a claim. *Porter*, 534 U.S. at 524; *see also York v. Fed. Bureau of Prisons*, 379 F. App'x 737, 740 (10th Cir. 2010). Prison conditions for this purpose

5

include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. A prisoner must exhaust his administrative remedies before filing his civil action. *Jones*, 549 U.S. at 202.

The Court finds *Porter*'s holding encompasses Plaintiff's claims, construed liberally and in the light most favorable to Plaintiff, regarding the alleged assault and failure to protect. *See Watkins v. Donnelly,* 551 F. App'x 953, 958 (10th Cir. 2014) ("a federal inmate with a Bivens claim must exhaust all available administrative remedies before bringing his complaint to court"); *McGee v. Fed. Bureau of Prisons*, 118 F. App'x 471, 476 (10th Cir. 2004) (district court properly dismissed plaintiff's Eighth Amendment failure to protect claims without prejudice due to his failure to exhaust administrative remedies).

Although he declared under penalty of perjury that he exhausted administrative remedies for these Eighth Amendment claims (ECF No. 10 at 8-9), Plaintiff provides no evidence that he exhausted available administrative remedies and, in fact, he failed to file any response to the Defendant's motion. Defendant's representative, Ms. Shelton, attested that she reviewed the five administrative requests Plaintiff filed since his transfer the USP Florence in November 2016 and found that none involve the alleged assault in December 2016. Shelton Decl. ¶ 11. The Court's review of the Administrative Remedy Generalized Retrieval report regarding the Plaintiff's requests for the period after November 2016 reveals the same. *See* ECF No. 29-1 at 14-17.[2] Without Plaintiff's response or any evidence to the contrary, the Court must conclude that Plaintiff filed no

---

[2]Plaintiff's requests include: (1) an August 7, 2017 "DHO appeal" rejected for lack of signature; (2) a September 19, 2017 renewed DHO appeal; (3) a June 27, 2018 complaint regarding his television; (4) an October 17, 2018 complaint alleging staff misconduct at "YAM" (FCI Yazoo City, according to Defendant), which was rejected for failing to state details; and (5) a November 21, 2018 renewed complaint alleging staff misconduct.

administrative remedy request regarding the alleged December 2016 assault and/or the Defendants' response to such assault.

Defendants note a letter attached to Plaintiff's original complaint (rendered moot by the filing of the amended pleading) in which Plaintiff mentions the alleged assault. The letter, dated May 25, 2017, is addressed by Plaintiff to the North Central Regional Office in Kansas City asserting the office's "failure to return the administrative remedy appeal" for "remedy appeal number 881294-R1." ECF No. 2-2 at 23. According to the Administrative Remedy Generalized Retrieval report, the number refers to the DHO complaint filed on October 31, 2016, several weeks *before* the alleged assault. ECF No. 29-1 at 14. While the May 25, 2017 letter mentions the assault, there is no indication that Plaintiff had followed the Bureau of Prison's ("BOP") administrative remedy program by filing a complaint about the assault or the BOP's response to it (or lack thereof); therefore, the letter is insufficient to demonstrate any material factual issue as to whether Plaintiff exhausted administrative remedies for his Eighth Amendment claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'").

Accordingly, the Court finds Plaintiff raises no material factual issues demonstrating that he exhausted his available administrative remedies and, thus, grants the motion for summary judgment filed by Defendants Wilson and Allen.

The Court also notes that Plaintiff's first claim for relief is alleged against "unknown

correctional officers 1 and 2" and "unknown corrections officer lieutenant" arising from the same assault alleged in the second claim against Wilson and Allen. The operative Amended Complaint was filed on September 4, 2018, but there have been no amendments to the pleading identifying these unknown officers. Further, the 90-day period for service of process on these Defendants expired in December 2018 without Plaintiff's request for an extension of time within which to serve them. *See* Fed. R. Civ. P. 4(m). Finally, it appears that the claims asserted against the unknown Defendants arise out of the same circumstances giving rise to Plaintiff's claims against Defendants Wilson and Allen and, thus, the claims would also be subject to dismissal on grounds of failure to exhaust administrative remedies prior to bringing this action.

As set forth above, dismissal for failure to exhaust administrative remedies is typically without prejudice. *Fields*, 511 F.3d at 1113. Under some circumstances, such as when any attempt to cure the procedural flaw would be untimely, courts have held that dismissal should be with prejudice. *See Duffy v. Daugherty*, No. CIV–09–908–D, 2010 WL 2079674, at *2 n.6 (W.D. Okla. Apr. 22, 2010) (citing *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007) ("While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice.")). Here, the Defendants have neither argued nor demonstrated that any attempt by the Plaintiff to exhaust his administrative remedies would be untimely[3]; accordingly, the Court will dismiss the action without prejudice in accordance with prevailing law.

---

[3]Although Defendants generally set forth the time lines necessary for submission of grievances in the BOP system, and the factual allegations appear to show that any attempt by Plaintiff to file grievances related to the allegations in the Amended Complaint might be untimely, Defendant failed to argue that any untimeliness might result in dismissal with prejudice.

## **CONCLUSION**

In this case, although the Plaintiff declares under penalty of perjury that he exhausted his available administrative remedies before bringing suit, he fails to raise any genuine issue of material fact demonstrating that he has, in fact, exhausted his remedies. Given the Supreme Court's mandate that "unexhausted claims cannot be brought in court" (*Jones*, 549 U.S. at 211), the Court must **grant** the Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [filed January 31, 2019; ECF No. 29] and dismiss this action without prejudice.

SO ORDERED.

DATED at Denver, Colorado, this 19th day of March, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge